```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                :
LARRY RAY JOHNSON,              :
                                :    Civ. No. 21-2681 (NLH)
         PETITIONER,            :
    v.                          :    **MEMORANDUM OPINION & ORDER**
                                :
                                :
THOMAS E. BERGAMI,              :
                                :
         RESPONDENT.            :
_____ :

APPEARANCE:

Larry Ray Johnson
16702-084
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

    Petitioner pro se

HILLMAN, District Judge

    WHEREAS, Petitioner Larry Ray Johnson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, see ECF No. 1; and

    WHEREAS, Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, requires the Court to dismiss any claims that clearly would not entitle Petitioner to relief; and

    WHEREAS, Petitioner argues in Ground I that the three strikes provision of 28 U.S.C. § 1915(g) does not apply when a prisoner is in imminent danger of serious physical injury. ECF No. 1 at 6.  Section 1915 does not apply in habeas corpus

proceedings.  Therefore, Petitioner's arguments regarding § 1915 are dismissed; and

WHEREAS, Petitioner claims in Ground II prison officials retaliated against him by taking his writing instruments and legal papers. Id.  This claim may not be brought in a habeas corpus proceeding because it does not concern the "core of habeas," i.e., the validity of his conviction or the fact or length of his sentence. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  These claims are dismissed from Petitioner's § 2241 proceedings;[1] and

WHEREAS, Petitioner argues his due process rights were violated in a disciplinary proceeding, ECF No. 1 at 7.  This claim is properly brought in a § 2241 proceeding and may proceed at this time; and

WHEREAS, Petitioner names persons other than the warden of FCI Fairton as respondent.  The only proper respondent in a §

---

[1] The Court notes that "prisons are constitutionally bound to provide inmates with adequate food, clothing, shelter, and medical care, and must furnish paper and pen to draft legal documents and stamps to mail them." Bruce v. Samuels, 577 U.S. 82, 89 (2016) (cleaned up).  Ordinarily the Court would sever Ground II and create a civil rights action, but Petitioner filed such an action in November 2020, Johnson v. Bergami, No. 20-15436 (D.N.J. filed Nov. 2, 2020).  The Court administratively terminated the complaint as Petitioner did not pay the filing fee or complete an in forma pauperis application. Id. at ECF No. 3.  Petitioner wrote to the Court that he was disqualified from proceeding in forma pauperis under 28 U.S.C. § 1915(g)'s three strikes rule and asked the Court to dismiss his complaint. Id. at ECF No. 5.

2241 proceeding is the person having custody of the Petitioner, i.e., the warden, Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"); and

WHEREAS, the Court will require the United States to answer the petition's allegations that Petitioner's due process rights were violated in connection with his disciplinary proceeding, listed as Grounds III and IV in the petition.  Grounds I and II are dismissed,

THEREFORE, IT IS on this   4th    day of March, 2021

ORDERED that the application to proceed in forma pauperis, ECF No. 1-2, is granted; and it is further

ORDERED that the Clerk shall serve a copy of the Petition, ECF No. 1, and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the Petition and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that, where the Petition appears to be beyond the jurisdiction of the Court, within thirty (30) days of the date

this Order is filed, Respondent may file a Motion to Dismiss the Petition on jurisdiction grounds only; and it is further

ORDERED that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for jurisdiction, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that, if Petitioner files an opposition, Respondent shall have fourteen (14) days to file a reply brief; and it is further

ORDERED that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondent to file a full and complete answer; and it is further

ORDERED that if Respondent does not file a Motion to Dismiss the Petition, the Respondent shall file a full and complete answer to the petition's in Grounds III and IV within thirty (30) days of the entry of this Order; and it is further

ORDERED that Grounds I and II are dismissed, 28 U.S.C. § 2254 Rule 4; and it is further

ORDERED that Respondent shall file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claims and affirmative defenses, including but not limited to copies of any administrative remedies filed by Petitioner relevant to the asserted claims; and it is further

4

ORDERED that within thirty (30) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

ORDERED that any request to deviate from this Order to Answer shall be made by motion; and it is further

ORDERED that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.


At Camden, New Jersey                    _____s/ Noel L. Hillman_____
                                         NOEL L. HILLMAN, U.S.D.J.