```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                               :
LARRY RAY JOHNSON,             :
                               :
          Petitioner,          :   Civ. No. 21-2681 (NLH)
                               :
     v.                        :
                               :
THOMAS E. BERGAMI,             :   OPINION
                               :
          Respondent.          :
_____:
```

Appearances:

Larry Ray Johnson
16702-084
USP Canaan
U.S. Penitentiary
P.O. Box 200
Waymart, PA 18472

    Petitioner pro se

John Francis Basiak
U.S. Attorney's Office
402 E. State Street, Room 430
Trenton, NJ 08608

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 4, 2021, this Court dismissed Grounds I and II of the habeas petition, but ordered Respondent to file a response to Grounds III and IV of the habeas petition.  See ECF No. 2.  In Ground III, Petitioner argued that he lacked access to his legal

materials.  See ECF 1 at 6.  In Ground IV, Petitioner argued his due process rights were violated during prison disciplinary proceedings.  See id. at 7.

On April 5, 2021, Respondent submitted a letter requesting the remaining grounds in this matter be dismissed as moot as the Federal Bureau of Prisons ("BOP") expunged Petitioner's disciplinary report and vacated the sanctions imposed therein. See ECF No. 6; see also Chestnut v. Warden Lewisburg USP, 592 F. App'x 112, 113 (3d Cir. 2015) (affirming dismissal of petition as moot where disciplinary incident report was expunged and good conduct time was restored).  Subsequently, Petitioner submitted a letter also seeking dismissal of the remaining grounds in his habeas petition.  See ECF No. 7.

Given these circumstances, the habeas petition will be dismissed.[1]  An appropriate order will be entered.

Dated: September 1, 2021      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

---

[1] To the extent Petitioner may be attempting to raise an access-to-courts claim due to a lack of access to his legal materials as stated Ground III, he would need bring such a claim in a civil rights action, not this habeas petition.  See e.g., Jupiter v. Warden, USP Lewisburg, 237 F. App'x 726, 728 (3d Cir. 2007) ("The District Court properly held that Jupiter's access to the courts claim does not lie at the core of habeas and, thus, is not cognizable under § 2241); McNamara v. Charles, No. 16-1510, 2017 WL 1095033, at *4 (D.N.J. Mar. 22, 2017) (declining to decide whether petitioner stated an access to courts claim where petitioner is seeking habeas relief in present action, not in a civil rights complaint).